IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RYAN WALTERS, in his official capacity as the Oklahoma Superintendent of Public Instruction; and OKLAHOMA DEPARTMENT OF EDUCATION,<br><br>            Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, Acting Director of ICE; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; PETER R. FLORES, Acting Commissioner U.S. Customs and Border Protection; and U.S. CUSTOMS AND BORDER PROTECTION,<br><br>            Defendants. | Case No. CIV-25-00056-JD |

## ORDER

Before the Court is Plaintiffs' Unopposed Motion to Strike Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss and Plaintiffs' Motion to Dismiss ("Motion"). [Doc. No. 16].[1] Although Plaintiffs combine two requests of the Court into a single Motion, the Court will waive the requirement in the Local Civil Rules regarding

---

[1] Since the filing of this lawsuit by Defendants Ryan Walters and Oklahoma Department of Education, Lindel Fields was appointed Oklahoma Superintendent of Public Instruction. Additionally, Todd Lyons is now the Acting Director of ICE. Accordingly, under Federal Rule of Civil Procedure 25(d), these individuals are substituted. Following this Order, the Court directs the Clerk of Court to update the docket. While the Court does not anticipate future filings because this Order closes this action, should there be future filings, the caption should reflect the substituted parties.

each motion being filed as a separate document and allow the Motion as a single filing in the interest of the administration of justice under Local Civil Rule 1.2(c) because it results in full and final resolution of this action. *See* LCvR7.1(c) ("Each motion filed shall be a separate document, except where otherwise allowed by law, these rules, or court order."); LCvR1.2(c) ("The trial judge has discretion in any civil . . . case to waive any requirement of these local rules when the administration of justice requires.").

Although Plaintiffs do not specify the rule of procedure under which they file their Motion, Defendants have not filed an answer or a motion for summary judgment. *See generally* [Doc. Nos. 1–16] (lacking an answer or summary judgment motion). Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." For these reasons, the Court will construe Plaintiffs' Motion in part as a notice of voluntary dismissal under Rule 41(a)(1)(A)(i).

A Rule 41(a)(1)(A)(i) notice "closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play." *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (citation omitted). The Motion itself states it is unopposed by Defendants, and it further requests the dismissal be with prejudice. *See* Motion at 2–3. A voluntary dismissal by Plaintiffs "is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court." *Janssen*, 321 F.3d at 1000.

Plaintiffs also move to strike their response to Defendants' Motion to Dismiss.

2

[Doc. No. 8]. District courts have inherent authority to manage their own dockets. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (recognizing a district court may use its inherent power to manage its docket). Considering the Plaintiffs' interest in removing their own extraneous filings from the Court's docket—and considering the request by Plaintiffs is unopposed—the Court will grant Plaintiffs' request to strike, "with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016).

For these reasons, the Court DISMISSES Plaintiffs' Complaint WITH PREJUDICE pursuant to their notice of voluntary dismissal. The Court also GRANTS Plaintiffs' Motion and STRIKES Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss [Doc. No. 8]. This action is now terminated and closed.

IT IS SO ORDERED this 7th day of October 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE